## Staunton

### ARMOUR AND COMPANY V. COMMONWEALTH.

#### September 11, 1913.

**1. TAXATION—***Doing Business Without License—Dispute as to Amount.*
A conviction of a merchant for doing business without a license
will not be set aside when no license was in fact taken out
because of a difference of opinion between the merchant and the
commissioner of the revenue as to the proper basis for esti-
mating the amount payable for the license. However that ques-
tion may be settled, it still remains that he was doing business
without the license required by law.

Application for a writ of error to a judgment of the
Corporation Court of the city of Danville, affirming the
judgment of a justice of the peace imposing a fine for doing
business without a license.

*Refused.*

The opinion states the case.

*Hall & Woods,* for the petitioners.

BY THE COURT.

A warrant was issued against Armour and Company for
doing business in the city of Danville as merchants with-
out having first obtained a license, as provided by law.
Upon a hearing the justice found Armour and Company
guilty and assessed against them a fine, and from this judg-
ment an appeal was taken to the corporation court for
the city of Danville, where the judgment was affirmed;
and Armour and Company thereupon applied to this court
for a writ of error.

The contention of the plaintiff in error is that the commissioner of the revenue proceeded upon a wrong basis in estimating the amount payable for a merchandise license in this case; that its Danville house disposes of merchandise not manufactured by it, the purchase price of which was less than $1,000; while upon the part of the Commonwealth it was contended that the sale value of the articles sold by plaintiff in error, and upon which the amount of the license was to be estimated, was as much as $30,000.

In the view we take of the case, the inquiry into the amount properly payable by Armour and Company in order to secure a license, and the basis upon which the estimate as to the amount due to the Commonwealth for a license was to be made, are wholly immaterial. However that question may be decided, it remains that Armour and Company were doing business as merchants in the city of Danville without having first obtained a license from the proper authorities of the State of Virginia to conduct such business. We are therefore of opinion that the judgment of the Corporation Court of Danville is plainly right, and that the writ of error should be refused and the judgment complained of affirmed.

*Refused.*